IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:10-cv-699-f-34 mcR

MICHAEL SIRK,

    Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES, LLC and
LAW OFFICE OF THOMAS LANDIS

    Defendants.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff, MICHAEL SIRK ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, LAW OFFICE OF THOMAS LANDIS, ("Defendant") or ("LOTL") is a law firm who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant LOTL is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, CAVALRY PORTFOLIO SERVICES, LLC, ("Defendant") or CAVALRY is a limited liability company who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Defendant CAVALRY is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due creditors other than Defendants.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant LOTL, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Defendant LOTL uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Defendant, CAVALRY purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14. Defendant, CAVALRY acquired Plaintiff's debt once owed or once due a creditor, when the debt was in default.

15. Defendant, CAVALRY is thoroughly emeshed in the debt collection business, and DEFENDANT CAVALRY is a significant participant in DEFENDANT LOTL's debt collection process.

16. DEFENDANT LOTL, itself and on behalf of Defendant CAVALRY, in and during telephone communications with Plaintiff, made derogatory comments concerning Plaintiff's personal life and repeatedly told Plaintiff he was "not a civilized person," the natural consequence of such language being to abuse Plaintiff.

17. Defendant LOTL, itself and on behalf of Defendant CAVALRY, sent Plaintiff a written communication on May 12, 2010 in which Defendant LOTL placed the disclaimer "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account," despite the fact that such correspondence was placed upon Defendant LOTL's law firm letterhead and signed in the name of said law firm, misrepresenting the level of attorney involvement in connection with the collection of an alleged debt. (See May 12, 2010 Correspondence attached hereto as Exhibit "A").

18. Defendant LOTL, itself and on behalf of Defendant CAVALRY, left voicemail messages on Plaintiff's cellular telephone, including, but not limited to, the following dates and times: May 11, 2010 @ 1:09 p.m., May 12, 2010 @ 10:20 a.m., May 12, 2010 @ 6:40 p.m., May 13, 2010 @ 6:01 p.m., May 17, 2010 @ 2:21 p.m., May 18, 2010 @ 6:32 p.m., May 26, 2010 @ 11:04 p.m., and June 1, 2010 @ 8:15 p.m.

19. In each of these phone calls, Defendant LOTL failed to notify Plaintiff that the communication was from a debt collector.

20. In the voicemail message left by Defendant LOTL on May 17, 2010, Defendant LOTL accused Plaintiff of having committed a "Federal Offense."

21. In the voicemail message left by Defendant LOTL on May 26, 2010, Defendant LOTL threatened Plaintiff that Defendant LOTL would contact Plaintiff's employer for the purpose of collecting the debt, a false representation designed to induce Plaintiff to make a payment.

22. Defendant LOTL, itself and on behalf of Defendant Cavalry, placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system.

23. Defendants actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23.

25. Defendants violated 15 U.S.C. § 1692d(2) by using language, in connection with collection of a debt, the natural consequence of which was to abuse Plaintiff including making derogatory comments concerning Plaintiff's personal life and repeatedly telling Plaintiff that he was not a civilized person.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692d(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23.

27. Defendants violated 15 U.S.C. § 1692e(3) by falsely representing that an individual was an attorney or that a communication was from an attorney including sending Plaintiff a written communication on May 12, 2010 in which Defendant LOTL placed the disclaimer "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account," despite the fact that such correspondence was placed upon Defendant LOTL's law firm letterhead and signed in the name of said law firm, misrepresenting the level of attorney involvement in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23.

29. Defendants violated 15 U.S.C. § 1692e(7) by falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff including accusing Plaintiff of having committed a Federal Offense.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(7);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23.

31. Defendants violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23.

33. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff including: falsely representing that communication was from an attorney, falsely representing or implying that Plaintiff had committed a crime or other conduct, threatening to contact Plaintiff's employer for the purpose of collecting the debt, and failing to notify Plaintiff during each collection contract that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

34. Plaintiff repeats and re-alleges each and every allegation contained above.

35. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT VII
## VIOLATIONS OF THE SECTION 559.72(4) OF THE FCCPA
## AGAINST DEFENDANTS

36. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1- 23 of this complaint.

37. Defendants violated §559.72(4) of the Florida Consumer Collection Practices Act by threatening to communicate with Plaintiff's employer prior to obtaining a final judgment against the Plaintiff.

38. As a result of Defendants violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MICHAEL SIRK, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

### COUNT VIII
### VIOLATIONS OF THE SECTION 559.72(8) OF THE FCCPA
### AGAINST DEFENDANTS

39. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1- 23 of this complaint.

40. Defendants violated §559.72(8) of the Florida Consumer Collection Practices Act by using willfully abusive language in communicating with the Plaintiff including making derogatory comments concerning Plaintiff's personal life and repeatedly telling Plaintiff that he was not a civilized person.

41. As a result of Defendants violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MICHAEL SIRK, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

### COUNT IX
### VIOLATIONS OF THE SECTION 559.72(11) OF THE FCCPA
### AGAINST DEFENDANTS

42. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1- 23 of this complaint.

43. Defendants violated §559.72(11) of the Florida Consumer Collection Practices Act by communicating with a debtor under the guise of an attorney by using the stationery of an attorney including sending Plaintiff a written communication stating that no attorney had reviewed Plaintiff's account despite the fact that such correspondence was placed on Defendant LOTL's law firm letterhead.

44. As a result of Defendants violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MICHAEL SIRK, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d.    Plaintiff's attorneys' fees and costs;

    e.    Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

45.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this ___ day of _____, 20__.

Respectfully submitted,

**MICHAEL SIRK**

By: *[signature]*

ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

**Exhibit "A"**

LAW OFFICE OF
## *Thomas Landis, Esq.*
Four Greenwood Square • Suite 220
3325 Street Road
Bensalem, PA 19020
(215) 642-3400
Fax (215) 642-3401
Toll Free (800) 853-4000

Thomas Landis, Esq.
Member of PA Bar

2197357
Sirk Michael
3819 Union Pacific Drive
Jacksonville FL 32246

May 12, 2010

RE:   Creditor:                CAVALRY PORTFOLIO SERVICES
      Your Account Number:     █████
      Original Creditor:       NAVY FCU
      Original Account Number: █████████
      Amount Due:              2 Account(s) for $16,546.96

Dear Sirk Michael

This office represents the above named client, CAVALRY PORTFOLIO SERVICES, who has placed the above-styled matter for collection. This is a demand for full payment because you have had ample time to pay your creditor. Sometimes we can arrange installment payments but you must contact this office for arrangements. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

### NOTICE OF IMPORTANT RIGHTS

**UNLESS YOU, THE CONSUMER, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT TO BE VALID. IF YOU THE CONSUMER NOTIFY US IN WRITING, WITHIN THE THIRTY DAY VALIDATION PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU, THE CONSUMER, AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY OUR OFFICE. UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY DAY VALIDATION PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.**

Please contact our office at 1-800-853-4000

The Law Office of Thomas Landis

3003443

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

.F.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION